IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHNNY WARD, JR.,                    :

    Plaintiff,                   :

vs.                                  :   CIVIL ACTION 11-00006-KD-B

NORTHROP GRUMMAN, *et al.*,          :

    Defendants.                  :

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed the instant action against Northrop Grumman Corporation, Northrop Grumman, and Northrop Grumman Shipbuilding[1]. (Docs. 1, 4). This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B). Upon careful review, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon

---

[1] In his original Complaint, Plaintiff named the following Defendants: Northrop Grumman Corporation, Northrop Grumman Government Relations, Northrop Grumman Technical Services, Northrop Grumman Information Systems, Northrop Grumman Aerospace Systems, Northrop Grumman Ship Builders, Northrop Grumman Shipbuilding (Gulf Coast Shipyard), Northrop Grumman Shipbuilding (Newport News Shipyard) and Northrop Grumman Electronic Systems.

1

which relief can be granted and for failure to obey the Court's Orders.

**I. Nature of Proceedings.**

Plaintiff filed his original Complaint, along with a Motion to Proceed Without Prepayment of Fees, on January 4, 2011. (Docs. 1, 2). Upon review, the Court granted Plaintiff's Motion to Proceed Without Prepayment of Fees and ordered Plaintiff to file an amended complaint because the original Complaint was fatally flawed. (Doc. 3). Specifically, Plaintiff was directed to replead his claims in accordance with Rule 8(a) of the Federal Rules of Civil Procedure, to describe in detail each claim against each defendant, and to state why the Court has jurisdiction over the action. (Id. at 6). Plaintiff was cautioned that failure to comply with the Court's directives would result in dismissal of the action without prejudice. (Id. at 7).

Plaintiff's Amended Complaint (Doc. 4) names Northrop Grumann Corporation, Northrop Grumman, and Northrop Grumman Shipbuilding as Defendants. Due to the brevity of the allegations in the amended complaint, they are set out below:

> 5) Unsolicited, October 2010; a form 10 was filed with the Securities and Exchange Commission. November 24, 2010 an Amended form 10 was submitted to have the ship building sector of Northrop Grumman ship systems change their name to Huntington Ingall's Industries to the same Securites

2

> and Exchange Commission. The shipyard would lose their contract if none of shipyard changes, because it won't be backed by the current Department of Defense initiative and LLC Holder for Northrop Grumann Corporation/Ship Systems; Corporate sabotage is/has occurred. Northrop Grumann Corporation employs 120,000 people through Department of Defense initiative established 1991 . . . . U.S.C. 28 Title 50 War and National Defense; Title 17 Sec [5]01 (B) Work for Hire.

(Doc. 4 at 3)

For relief, Plaintiff requests : an injunction of the name change; 2) "24,188,000 [dollars] of which 3,000,000 will be allocated for equipment and office spaces, and 3) the title of Director/Chair of Northrop Grumman Global Industries "to include a salary of $7,000 weekly"/ $364,000 annually. (Id. at 4).

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his Amended Complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B).[2]  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct.

---

[2]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Bilal, 251 F.3d at 1348-49.

1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ___, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (quotations marks and second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at ___, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction and holds them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); see Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (observing Iqbal's overruling of GJR Investments' heightened pleading standard). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

The undersigned has carefully reviewed Plaintiff's Amended Complaint and is still unable to discern a coherent argument. In his first Complaint, Plaintiff alleged that he "authored copyright for business that provides innovative systems, products and solutions to Government and Commercial customers World-Wide," that he "receive[d] payment as hourly employee 'Electric/Welder at Pascagoula, Mississippi shipyard'", that he was "working as whistle blower," and that he was terminated for

5

being "delusional" and "returned to the care of Veterans Affairs." (Doc. 1). In the amended complaint, Plaintiff references an alleged change in the name of the company currently identified as Northrop Grumman Corporation to the name "Huntington Ingall's Industries," and resulting "corporate sabotage." (Doc. 4 at 3). As best the Court can surmise, Plaintiff believes that he holds a copyright or some other legal right, as the "original L.L.C. Holder for Northrop Grumman Corporation" which will be violated by the alleged name change. (Id. at 4). However, as pled, the Court cannot discern how Plaintiff believes he has been injured and what claims he wishes to pursue.

Rule 8(a)(2) requires that the complaint be "a short and plain statement of the claims showing that the pleader is entitled to relief[.]" FED.R.CIV.P. 8(a)(2). Plaintiff's Amended Complaint is not plain in that it does clearly convey a complete thought. This type of deficient pleading places the Court in the position of trying to decipher what Plaintiff is attempting to allege from the fragmented information he has provided; however, the Court is unable to piece together a claim because the factual and legal information necessary to make out a claim is absent and the Court is prohibited from rewriting a "deficient pleading in order to sustain an action." GJR Investments, 132 F.3d at 1369.

6

Rule 8 does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." Iqbal, 556 U.S. at ___, 129 S.Ct. at 1949. Although a plaintiff is not required to provide numerous detailed factual allegations, he is obligated to provide some factual grounds showing a right to relief, which requires more than labels and conclusions or a narration of a cause of action's elements. Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Id. at 555, 127 S.Ct. at 1965. A plaintiff must "nudge [his] claim[] across the line from conceivable to plausible." Id. at 570, 127 S.Ct. at 1974. Otherwise, "[a] complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S.Ct. at 1950).

"A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at ___, 129 S.Ct. at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled

to relief.'" Id. at ___, 129 S.Ct. at 1950 (quoting FED.R.CIV.P. 8(a)(2)).

In the present action, Plaintiff has not alleged any facts that would allow this Court to draw an inference that Defendants are liable for misconduct to Plaintiff. In fact, Plaintiff has not alleged any facts showing misconduct on the part of Northrop Grumman or anyone else. The allegations regarding a change in the name of Northrop Grumman are completely disjointed and do not relate to any cohesive legal argument. In sum, Plaintiff's Complaint and Amended Complaint fall well short of setting forth a short and plain statement of the claims showing that he is entitled to relief. Given that Plaintiff was previously placed on notice regarding his defective pleadings and of Rule 8(a)'s pleading requirements, was furnished a copy of the Pro Se Litigant Guide, and was warned that his claims would be subject to dismissal if he did not correct the deficiencies, this action is due to be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).[3] Furthermore, it is subject to dismissal due to Plaintiff's failure to comply with the Court's Order to plead a complaint

---

[3] As the Amended Complaint fails to raise any coherent arguments, and thus lacks an arguable basis in law or fact, the complaint is also due to be dismissed as frivolous under § 1915(e)(B)(i). See Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).

8

that complies with Rule 8. Pelletier v. Zweifel, 921 F.2d 1465, 1522 n.103 (11th Cir.), cert. denied, 510 U.S. 918 (1991) (ruling the failure to comply with a court's order requiring that a complaint be repled to bring it into compliance with Rule 8(a) is cause for a non-complying amended complaint's dismissal pursuant to Rule 41(b)).

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and for failure to comply with the Court's Orders.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **24th** day of **January, 2011.**

```
            /S/ SONJA F. BIVINS
      UNITED STATES MAGISTRATE JUDGE
```

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[4]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **24th** day of **January, 2011.**

                                   **/S/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**